**Affirmed and Memorandum Opinion filed November 19, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00919-CR

### LABYRON JAFFAR WARREN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Court Cause No. 11-11203**

## M E M O R A N D U M   O P I N I O N

Appellant Labyron Jaffar Warren was a juvenile when he was involved in the murder of a store clerk during the robbery of a grocery store in Beaumont, Texas.[1] Appellant was tried as an adult for capital murder and convicted by a jury

---

[1] This appeal was transferred to this court from the Ninth Court of Appeals. In cases transferred from one court of appeals to another, the transferee court must decide the case in accordance with the precedent of the transferor court if the transferee court's decision would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

of this offense. The trial court sentenced him to life imprisonment. On appeal, he challenges his conviction on the grounds that: (1) the record does not establish that the trial court had proper jurisdiction over him; (2) the trial court abused its discretion in admitting extraneous offense evidence during the guilt-innocence phase of his trial over his objection; (3) the trial court abused its discretion in permitting the State, over appellant's objection, to inject character evidence before the jury when appellant had not placed his character at issue; and (4) the State was permitted to engage in prejudicial jury argument that denied appellant a fair trial. We affirm.

## BACKGROUND[2]

On August 1, 2010, appellant and others robbed a grocery store in Beaumont wearing masks and carrying firearms. During the course of the robbery, a female store clerk, Dang Minh Nguyen, was shot and killed. Appellant was identified as one of the actors involved in the store robbery and murder. At the time of the offense, appellant was sixteen years old, but was certified to stand trial as an adult by the juvenile court.

A Jefferson County grand jury indicted appellant on charges of capital murder. He was tried by a jury and found guilty as alleged in the indictment. The trial court sentenced him to confinement for life in the Institutional Division of the Texas Department of Criminal Justice.[3] This appeal timely followed.

---

[2] Appellant has not challenged the sufficiency of the evidence, so we provide a brief background here for context and discuss the evidence necessary for resolution of the issues as we address them below.

[3] *See* Tex. Penal Code Ann. § 12.31(a)(1).

In his first issue, appellant asserts that the record fails to establish that the trial court had proper jurisdiction over him. Specifically, he asserts that the waiver of jurisdiction by the juvenile court contained in our record states that appellant was previously transferred to criminal court under cause number 10-09241. Appellant was indicted by the grand jury on March 3, 2011 in cause number 11-11203. Thus, according to appellant, the waiver of jurisdiction by the juvenile court "is separate and distinct from the prosecution made the basis of this appeal."

The juvenile court has exclusive original jurisdiction over children under seventeen years of age. *See* Tex. Fam. Code Ann. § 51.04(a). In certain circumstances, a juvenile court may waive jurisdiction and transfer the child to a district or criminal district court. *Id.* § 54.02. "Unless the juvenile court waives jurisdiction under Section 54.02, Family Code, and certifies the individual for criminal prosecution *or the juvenile court has previously waived jurisdiction under that section and certified the individual for criminal prosecution*," a person under seventeen may not be prosecuted for or convicted of any offense with several enumerated exceptions not applicable here. Tex. Penal Code Ann. § 8.07(b) (emphasis added).

Here, the waiver found in our record under juvenile cause number F-11667-J, signed February 24, 2011, is entitled "Waiver of Jurisdiction and Order of Transfer to Criminal Court for Juvenile Previously Certified as an Adult." In it, the 279th District Court of Jefferson County, sitting as a juvenile court, stated that appellant personally appeared with his attorney, his mother, and the assistant district attorney for a hearing on the State's motion for transfer to a criminal district court. The court found that appellant was sixteen years old at the time that he committed the offense, intentionally causing the death of Dang Minh Nguyen

3

by the use of a firearm while in the course of committing and attempting to commit the offense of robbery, on or about August 1, 2010.

The court further found that the 317th District Court of Jefferson County had previously waived exclusive original jurisdiction over appellant and transferred juvenile cause number C-11466-J, which occurred on or about May 20th, 2010, to the appropriate Jefferson County criminal court. The court found that the previously transferred case was now styled *State of Texas v. Labyron Jaffar Warren* and assigned cause number 10-09241 in the Criminal District Court of Jefferson County.[4] This case was pending in Jefferson County and had not been decided or dismissed. The juvenile court found that it was "contrary to the best interest of the public to retain jurisdiction" of appellant under juvenile cause number F-11667-J, the capital murder of Dang Minh Nguyen. The court explicitly stated that the findings, waiver of jurisdiction, transfer, and certification of juvenile cause number C-11466-J were made a part of the waiver of jurisdiction and transfer order for the capital murder offense.

Accordingly, there is a waiver of jurisdiction pursuant to section 54.02 of the Family Code and certification of appellant for criminal prosecution for the offense for which he was later indicted.[5] *See* Tex. Penal Code Ann. § 8.07(b). Moreover, the waiver reflects that another juvenile court had previously waived jurisdiction and certified appellant for criminal prosecution for a prior offense. *See id.* Thus, the record reflects that the criminal district court properly acquired jurisdiction over appellant. Accordingly, appellant's first issue is overruled.

---

[4] The record reflects that this cause number is for the offense of burglary of a habitation, evidence that the State intended to use under Texas Rules of Evidence 404(b) and 609(f) against appellant during his capital murder trial.

[5] Appellant could not have been indicted in the criminal district court for the capital murder case at issue here until the juvenile court had waived jurisdiction. Thus, the indictment in this case post-dates the waiver of jurisdiction.

### ADMISSION OF CHARACTER OR REPUTATION EVIDENCE

In his second and third issues, appellant asserts that the trial court abused its discretion in admitting, over his objection, evidence of extraneous offenses and evidence of his reputation during the guilt-innocence phase of his trial. The admission of evidence is within the discretion of the trial court, and the trial court will not be reversed absent an abuse of discretion. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); *Woods v. State*, 301 S.W.3d 327, 332 (Tex. App.—Houston [14th Dist.] 2009, no pet.). A trial court does not abuse its discretion if its evidentiary ruling was within the "zone of reasonable disagreement," and was correct under any legal theory applicable to the case. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007); *Woods*, 301 S.W.3d at 332.

During direct examination, one of appellant's alibi witnesses, Kathy Hancock, testified that she knew appellant did not commit this offense "[b]ecause he not [sic] that type of person. I been knowing [sic] him all my life." After Hancock testified on direct, the prosecuting attorney, outside the presence of the jury, asserted that the defense had "opened the door" to appellant's numerous "referrals to the juvenile probation department" by eliciting this testimony from this witness. The prosecutor argued that Hancock had called appellant's character into question and inferred appellant was of good character. The prosecutor stated he intended to ask Hancock if she was aware of certain specific past acts of appellant and ask her if it changed her opinion regarding appellant's character. Appellant's counsel objected to the presentation of these past acts under Texas Rules of Evidence 402, 403 and 404(a), as well as asserting that appellant had been a juvenile when the acts were committed and that several of the referrals had never

been "adjudicated." Appellant's counsel further argued that any probative value was "highly outweighed by the prejudicial effect."

The trial court overruled appellant's objections, stating its reasoning on the record as follows:

> In the course of questioning of the witness, Kathy Hancock, the witness made some statements which were tantamount to her speaking as a character witness on behalf of the defense and that puts the rules of evidence into play under Rules 404 and 405 of the Texas Rules of Evidence. The State has now, based upon the presentation of that testimony, requested that the State be allowed to inquire on cross-examination concerning conduct, other alleged conduct, of the defendant and the rules are straightforward. While evidence of a person's character or character trait is not admissible for the purpose of proving action in conformity therewith on a particular occasion, the accused -- any criminal may place his character in issue by offering evidence of his good character and the Court will find that that has been done in this case under the circumstances of the statements of Kathy Hancock. By placing his character at issue, the accused opens the door to rebut evidence of his good character with his own evidence of the accused's bad character. On cross-examination, the State may test the character witness' familiarity with the defendant's character or demonstrate that the witness has a low standard for what he or she considers good character by inquiring into prior, specific instances of conduct that are inconsistent with the particular character trait but the State may not offer extrinsic evidence regarding the prior incidents solely to show the character witness is wrong in his opinion.

> The Court has reviewed what the State is wishing to inquire about; and, first, on cross-examination under Rule 405, the State must have a factual basis for the incidents it intends to inquire into. The Court has reviewed the in-depth records from the juvenile probation office concerning these matters that the State wants to inquire into and the Court finds that there is sufficient, factual basis to inquire into it on cross-examination into these particular matters on cross-examination under Rule 405.

> Second, the specific instances must be relevant to and inconsistent with the character trait at issue. Here, the witness stated

6

essentially, "He didn't do it. He's not that type of person. I've known him all his life." That under the law allows the State to cross examine that witness on acts relevant to alleged acts or conduct of the defendant that would be relevant to her -- the witness' analysis of her belief that he is not the type of person who would commit the crime at issue and the Court will allow a portion of the items that have been requested to be inquired into that the Court has discussed with the parties. And the Court expects the State to follow the rules in inquiry in the method of inquiry and not go beyond what is allowed under the law during cross-examination regarding the witness' character expression of the defendant or expression of character.

A witness who testifies to a defendant's good character may be cross-examined to test the witness's awareness of relevant "specific instances of conduct." *Wilson v. State*, 71 S.W.3d 346, 350 (Tex. Crim. App. 2002) (citing Tex. R. Evid. 405(a)). Such opinion witnesses should be asked "did you know" questions. *See id.* The State asked Hancock if she was aware of numerous specific instances of appellant's past conduct. To each question, Hancock replied, "No." The State followed up to each question by asking her if she had known of this conduct, would it have changed her opinion of appellant's character. Again, to each question, she replied, "No." Hancock testified that the only thing that would change her opinion about appellant's character is if "he would have done -- had one murder."

Because Hancock testified as to her opinion of appellant, the State was entitled to test her knowledge about specific instances of conduct involving appellant by asking a series of "did you know" questions. *See id.* Accordingly, the trial court did not abuse its discretion in admitting this evidence.[6] *See id.* at 351.

---

[6] We note that, as described above, the trial court inquired into the relevancy of the particular character traits at issue and the factual basis for the alleged bad acts outside the presence of the jury, even though appellant failed to object to the admission of this evidence on this basis. *See id.* at 351.

For the foregoing reasons,[7] we overrule appellant's second and third issues.

## JURY ARGUMENT

In appellant's fourth and final issue, he asserts that the State engaged in the following improper jury argument:

> I asked you what is justice during voir dire and making persons pay the consequences for the actions even when they don't want it as part of it, protecting our community from this person. Because if he's who we say he is, he's not going to stop. So, it is important. Your decision is important for the victim. Ms. Dang Nguyen was a 20-year-old, West Brook graduate going to college. She was an innocent, sweet girl and I wish as part of justice in evaluating what justice is, you must evaluate what has been taken and I wish I got to tell you what sort of person she was. But to be honest with you, we all know someone just like her, someone in your life. That could be your 20-year-old daughter and all she was doing was going to school and working. It could be somebody you see in the library. It could be somebody -- one of your own children, one of your own nieces. It could be you. It could be somebody you walk up to at a counter at a convenience store or in the mall. That's her, and she didn't deserve this.

Appellant made no objection to the State's closing argument. A defendant's failure to object to a prosecutor's jury argument forfeits the right to complain about the argument on appeal. *Cf. Mays v. State*, 318 S.W.3d 368, 393–94 (Tex. Crim.

---

[7] Appellant additionally complains on appeal that these prior acts of misconduct were inadmissible under Texas Family Code section 51.13(b), which provides that adjudications or dispositions of a child or evidence adduced in a hearing under the Juvenile Justice Code may only be used, as is relevant here, in sentencing proceedings in criminal court against the child. *See* Tex. Fam. Code Ann. § 51.13(b). However, this argument does not comport with the objections he raised at trial; thus we do not consider this argument on appeal. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (stating that to preserve error for appellate review, the complaining party must make a specific and timely objection, obtain a ruling, and his issue on appeal must comport with the objection made at trial); *Williams v. State*, 402 S.W.3d 425, 437 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ("Because appellant's arguments on appeal do not comport with the objections raised in the trial court, he has failed to preserve these arguments for appellate review.").

App. 2010) (refusing to consider propriety of prosecutor's punishment argument because appellant failed to object); *see also Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc)).

We overrule appellant's fourth issue.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/    Sharon McCally
       Justice

Panel consists of Justices McCally, Busby, and Simmons.[*]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[*] Former Justice Rebecca Simmons, sitting by assignment.